# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. John-Rexie Lagman*
Case No. 3:19-cr-00119-TMB

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant John-Rexie Lagman's Motion for Early Termination of Supervised Release (the "Motion").[1] Plaintiff United States of America (the "Government") opposes the Motion; this matter is ripe for resolution.[2]

Lagman moves for early termination of his supervised release on the basis of his compliance with the supervised release conditions during the first half of his two-year term.[3] Lagman requests the Court terminate his supervision because he "has family, a stable job, and is already being supervised by the state of Alaska based on the same allegations that were part of his federal case."[4] Therefore, according to Lagman, "there is no need for probation to waste their resources duplicating what the state has already done. He does not need any services helping him reintegrate into the community, he has already done that."[5] Lagman also asserts that, for these reasons, USPO has not provided a position regarding his early termination.[6]

The Government opposes the Motion.[7] According to the Government, the Court "should deny Lagman's motion because he has failed to show that the relevant sentencing factors, his conduct, and the interests of justice support early termination."[8] In support of its position, the Government states that, despite being released to federal supervision on May 27, 2022, Lagman failed to timely report to Pretrial Enforcement Division ("PED"), the State of Alaska's pretrial supervisory agency and, additionally, in May 2023, Lagman was arrested by PED for leaving his residence without a pass.[9] The Government also asserts that, because Lagman recently got a new attorney for his state case, it is unlikely he will go to trial within the next year, thus warranting continued federal supervision given the seriousness of his charges.[10] Ultimately, the Government contends that the

---

[1] Dkt. 68 (Motion).
[2] *See* Dkt. 69 (Opposition).
[3] Dkt. 68.
[4] *Id.* at 3.
[5] *Id.*
[6] *Id.*
[7] Dkt. 178.
[8] Dkt. 69 at 1.
[9] *Id.* at 2 (citing Dkt. 69-1 (PED Complaint)).
[10] *Id.*

§ 3553(a) factors do not support Lagman's early termination, citing the seriousness of Lagman's offense and the specific deterrence that a full term of federal supervision provides.[11]

18 U.S.C. § 3583(e)(1) allows a court—after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised released . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Having reviewed the briefing in this matter, and considering the factors set forth in 18 U.S.C. § 3553(a), the Court agrees with the Government that early termination of Lagman's supervised release is not warranted at this time. Although the Court commends Lagman's performance on supervision thus far, the Court is disinclined to grant his request at this time, considering the nature of his underlying crime and the fact that he has had issues while under PED supervision. Further, in his Motion, Lagman did not adequately address how the § 3553(a) factors might warrant early termination; without any argument as to these factors, the Court is inclined to agree with the Government that they do not weigh in Lagman's favor. The Court therefore finds that federal supervision remains appropriate so that Lagman may continue rehabilitation while awaiting the conclusion of his state criminal proceedings.

Accordingly, the Court **DENIES** the Motion at Docket 68.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 7, 2023.

---

[11] *Id.* at 3–4.